ALEJO FONSECA, Plaintiff and Appellant, *v.* DOROTEA MOLINA ET AL., Defendants and Appellees.

No. 4835.   Argued April 5, 1929.—Decided May 10, 1929.

*J. Beiro Rovira* for the appellant. *Armando A. Miranda* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Alejo Fonseca brought an action of debt against Dorotea Molina and Santos, Aurora and Sabina Maldonado Molina, the last three being minors, to recover $1,105 with interest and costs.

It was alleged in the complaint that defendant Dorotea Molina was the mother with *patria potestas* over the other three defendants by reason of the death of the children's father, and that defendant Dorotea Molina signed and delivered to the plaintiff a document which in its pertinent part reads as follows:

"That I am of age, widow of José Maldonado, who died in Caguas some time ago, and I was declared the beneficiary of my deceased husband together with my minor children Santos, Aurora and Dorotea Molina; that I was assigned a compensation of two thousand eight hundred dollars payable as follows: Seven hundred dollars in cash in the first half of August and the remainder in monthly instalments of thirty dollars each until total payment. That I received advance payments from the death of my husband for my children and myself, some times in money, other times in distinct expenses as the preparation of records, etc. for the said case and principally in commodities for our support from and by order of Alejo Fonseca, who is of age and a merchant and resident of Caguas. That a liquidation of the said account shows that I and my children owe the sum of $1,200 which I will verify and which I bind myself to pay in the following manner: Five hundred dollars in cash and the remainder by monthly payments of fifteen dollars, all to be charged to me and my said children equitably. That the said decision is final and has not been appealed by us. Done in Caguas, P. R., on August 30, 1926. Her mark. Dorotea Molina. Isidro Crespo. Witness to the mark."

The plaintiff alleges that Dorotea Molina, in her own right and in behalf of her children, has paid to him only $95 and refuses to pay the remainder of the obligation, for which

reason he resorts to the court for judgment ordering the payment of the balance of the debt.

At this stage defendants Santos, Aurora and Sabina Maldonado y Molina appeared "by their attorney" and prayed for a judgment on the pleadings "dismissing the complaint as to the three appearing defendants because by the obligation transcribed in the complaint and which is the essential ground thereof Dorotea Molina bound herself in representation of the minors without the authorization of the district court, as required by the Civil Code."

Defendant Dorotea Molina did not appear and the court considered the case and rendered judgment dismissing the complaint.

The present appeal. was taken by the plaintiff who has assigned in his brief the commission of three errors by the court; (1) in permitting the defendant minors to appear without maternal representation, or in default thereof that of a guardian *ad litem;* (2) in granting more than was prayed for in the motion of the defendant minors, and (3) in sustaining the motion for a judgment on the pleadings.

Let us consider first the last error assigned.

In order to hold that the contract on which the plaintiff's action is based is void the trial court relies on section 229 of the Civil Code, as amended by the Act of March 9, 1911; on the last paragraph of subdivision 5 of section 3 of the Workmen's Compensation Act of 1918, as amended by Act No. 62 of 1919, and on section 23 of the said Workmen's Compensation Act.

The first of these, that is, section 229 of the Civil Code, reads as follows:

"The exercise of the 'patria potestas' does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situate

and the demonstration of the necessity and utility of the alienation or encumbrance and in conformity with the provisions of sections 80, 81 and 82 of an act relative to special legal proceedings.''

The second reads as follows:

"*Provided, further,* That if the laborer or his heirs, pursuant to this Act, are minors or incapacitated persons, or if, in the judgment of the said commission, there is a 'reasonable risk that such cash compensation may be squandered, the said commission shall deliver the amount of such compensation to the district court of the district where the beneficiary resides, for custody and investment in accordance with the provisions of the law regulating the application of amounts derived from the sale of the property of minors.''

Section 23 is as follows:

"Rights and actions accruing under this Act shall not be assignable to other persons nor shall they be subject to attachment or to the claims of other persons.''

We shall not take up the interesting question of the propriety or impropriety of judgments on pleadings raised by the appellant in his argument on this assignment. This court has already expressed its opinion in various cases (see *Antonsanti & La Costa* v. *Axtmayer,* 38 P.R.R. 701) and the question does not affect the decision of the present case, according to the opinion which we have formed of it.

In our opinion section 229 of the Civil Code is not applicable.

Even admitting that the document signed by the mother in favor of the plaintiff involved an alienation of personal property belonging to her children, it would not reach the sum of five hundred dollars, which is the statutory limit. It is not a case of sole ownership. The mother acknowledges that for the support of herself and her children she received from the plaintiff sums amounting to twelve hundred dollars which she promises to pay in the manner indicated. At most the individual indebtedness of each of them amounts to three hundred dollars. Therefore the only conclusion is that the

mother bound each one of her children for the said amount, for which no authorization of the court was required.

The last paragraph of subdivision 5 of section 3 of the Workmen's Compensation Act, as amended in 1919, refers to measures to be taken by the commission when the beneficiaries are minors and there is a reasonable risk that a cash compensation might be squandered.

That being so, it does not appear to be applicable. We must not lose sight of the fact that it is a case of a judgment on the pleadings and that the only facts to be considered are the averments of the complaint, the truth of which is admitted by the defendants.

What is the scope of section 23 of the Workmen's Compensation Act which provides that "rights and actions accruing under this Act shall not be assignable to other persons nor shall they be subject to attachment or to the claims of other persons"?

From a careful reading of the contract it is seen that it refers to the compensation assigned to the defendants, and we find from the third averment of the complaint that it is expressly stated therein that the plaintiff assumed the risk of providing defendant Dorotea Molina with the means furnished for her and her children by "taking into consideration solely and exclusively the fact that the compensation had been authorized," but even then in our opinion nothing appears in conflict with section 23.

The prayer of the complaint is as follows:

". . . . prays the court to take jurisdiction of this matter and determine it by final judgment ordering the defendants jointly to pay him the said sum of $1,105 American gold, legal interest thereon from the filing of this complaint, and the expenses, costs, disbursements and attorney's fees incurred in the present proceeding, reasonably estimated at $200."

What is finally prayed for is that the defendants be adjudged to pay the debt alleged to have been contracted in the manner stated.

Whether or not the judgment can be executed on property belonging to the minor defendants and proceeding from the compensation would be a question that would arise later.

It appears that a certain sum which was deposited in the court in favor of the defendants and proceeding from the compensation was attached by the plaintiff; but that question is not involved in this appeal and therefore we shall not consider it, anticipating, however, in order to avoid difficulties that if a lawfully contracted debt is proved, for example, for supporting the minors, we do not see why it can not be enforced on any property belonging to them after it has been placed at their free disposal.

It is unnecessary to consider the other two errors assigned, because, one error having been committed, the judgment will have to be reversed. We will say only that they were committed also. Although the obligation were void as to the minors, it would not be so as to the mother. Therefore, in no case would the court have been justified in absolving her from the claim as it did. The manner in which the minors appeared is at least informal. They should have been represented by their mother or, in case of her disqualification, by a guardian *ad litem* appointed by the court in conformity with the statute.

The judgment appealed from must be reversed.